**Thomas Lee MORRIS, a minor child; Elizabeth S. Morris; Roland J. Morris, Sr., his guardians and natural parents, Plaintiffs–Appellants,**

**v.**

**TANNER, Judge, Judge of the Confederated Salish and Kootenai Indian Tribal Court for the Flathead Reservation, Defendant–Appellee,**

**United States of America, Defendant–Intervenor–Appellee.**

No. 03–35922.

D.C. No. CV–99–0082–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Submission Vacated March 30, 2005.

Resubmitted Aug. 23, 2005.

Decided Aug. 25, 2005.

Jon Metropoulos, Gough, Shanahan, Johnson & Waterman, Helena, MT, for Plaintiffs–Appellants.

Joseph P. Hovenkotter, Confederated Salish & Kootenai Tribes, Legal Department, Pablo, MT, for Defendant–Appellee.

Lorraine D. Gallinger, Office of the U.S. Attorney, Billings, MT, R. Justin Smith, Judith Rabinowitz, U.S. Department of Justice, San Francisco, CA, for Defendant–Intervenor–Appellee.

Before FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM *

Thomas Lee Morris appeals the district court's grant of summary judgment in favor of defendant, Judge Winona Tanner, and defendant-intervenor, United States. For the past six years, Morris has had criminal speeding charges pending against him in the tribal court of the Confederated Salish and Kootenai Tribes ("CSKT") in Montana. Morris is an enrolled member of the Minnesota Chippewa Tribe, Leech Lake Reservation, but is not a member of the CSKT. He challenges the jurisdiction of the tribal court. The district court granted summary judgement against Morris. *Morris v. Tanner,* 288 F.Supp.2d 1133, 1144 (D.Mont.2003). Morris appealed.

Morris challenges the jurisdiction of the CSKT tribal court, which was confirmed by the 1990 amendments to the Indian Civil Rights Act ("ICRA") to extend to "all Indians" in criminal cases. *See* Pub.L. No. 101–511, Title VIII, § 8077(b)-(c), 104 Stat. 1856, 1892 (1990) (amending 25 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 1301). He contends that the 1990 amendments violate principles of equal protection and due process. In our recent opinion in *Means v. Navajo Nation,* —— F.3d ——, No. 01–17489, slip op. 11191, 2005 WL 2008433 (9th Cir. Aug. 23, 2005), however, we squarely addressed and rejected both of these challenges to the 1990 amendments to the ICRA.[1] We are therefore bound by *Means* to reject Morris' challenges as well. The judgment of the district court is therefore

**AFFIRMED.**

1. In *Means,* we also held that, as used in the 1990 amendments to ICRA, " '[a]ll Indians' plainly includes Indians who are not members of the tribe," but excludes "anyone who might ethnically be an Indian but who is not an enrolled member of a federally recognized tribe." *Means,* —— F.3d at ——, slip op. at 11199.