Thomas Lee **MORRIS**, a minor child; **Elizabeth S. Morris; Roland J. Morris, Sr.,** his guardians and natural parents, Plaintiffs—Appellants,

v.

**TANNER,** Judge, Judge of the Confederated Salish and Kootnnai Indian Tribal Court for the Flathead Reservation, Defendant—Appellee,

United States of America, Defendant-intervenor—Appellee.

No. 03–35922.

United States Court of Appeals, Ninth Circuit.

Dec. 22, 2005.

Jon Metropoulos, Esq., Gough, Shanahan, Johnson & Waterman, Helena, MT, for Plaintiffs–Appellants.

Joseph P. Hovenkotter, Esq., Confederated Salish & Kootenai Tribes, Legal Department, Pablo, MT, for Defendant–Appellee.

Lorraine D. Gallinger, Esq., Office of the U.S. Attorney, Billings, MT, R. Justin Smith, Esq., Environment & Natural Resources Division U.S. Department of Justice, Washington, DC, Judith Rabinowitz, Esq., U.S. Department of Justice, San Francisco, CA, for Defendant–Intervenor–Appellee. DC No. CV 99–0082–DWM.

Before: FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

ORDER

The Memorandum filed August 25, 2005, and appearing at 141 Fed. Appx. 696, is withdrawn and replaced by the Amended Memorandum filed concurrently with this order.

With the filing of the Amended Memorandum, the panel has voted to deny the petition for panel rehearing. Judge Gould votes to deny the petition for rehearing en banc and Judges Fernandez and Tashima so recommend. The full court has been advised of the petition for rehearing en banc and no judge of the court has re-quested a vote on en banc rehearing. *See* Fed. R.App. P. 35(f).

The petition for panel rehearing and the petition for rehearing en banc are denied. No further petitions for rehearing or rehearing en banc will be entertained.

AMENDED MEMORANDUM *

Thomas Lee Morris appeals the district court's grant of summary judgment in favor of defendant, Judge Winona Tanner, and defendant-intervenor, United States. For the past six years, Morris has had criminal speeding charges pending against him in the tribal court of the Confederated Salish and Kootenai Tribes ("CSKT") in Montana. Morris is an enrolled member of the Minnesota Chippewa Tribe, Leech Lake Reservation, but is not a member of the CSKT. He challenges the jurisdiction of the tribal court. The district court granted summary judgement against Morris. *Morris v. Tanner*, 288 F.Supp.2d 1133, 1144 (D.Mont.2003). Morris appealed.

Morris challenges the jurisdiction of the CSKT tribal court, which was confirmed by the 1990 amendments to the Indian Civil Rights Act ("ICRA") to extend to "all Indians" in criminal cases. *See* Pub.L. No. 101–511, Title VIII, § 8077(b)-(c), 104 Stat. 1856, 1892 (1990) (amending 25 U.S.C. § 1301). He contends that the 1990 amendments violate principles of equal protection and due process. In our recent opinion in *Means v. Navajo Nation*, 432 F.3d 924 (9th Cir.2005), however, we squarely addressed and rejected both of these challenges to the 1990 amendments to the ICRA.[1] We are therefore bound by

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In *Means,* we also held that " 'all Indians' recognized by the 1990 amendments means all of Indian ancestry who are also Indians by political affiliation [*i.e.,* who are enrolled members of a federally recognized tribe], not

*Means* to reject Morris' challenges as well. The judgment of the district court is therefore

**AFFIRMED.**

all who are racially Indians." *Means,* 432     F.3d at 930.